IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ERIC CRUZ,<br>Institutional ID No. 2059509,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER DOMINGO CERVANTEZ,<br><br>Defendant. | CIVIL ACTION NO.<br>5:16-CV-004-BQ<br>ECF |

## REPORT AND RECOMMENDATION AND ORDER OF TRANSFER

This case was referred to the magistrate judge by order dated February 23, 2016. ECF No. 16. In accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that Cruz's claim against Officer Domingo Cervantez for failure to adequately protect him from attack by another inmate, in violation of the Eighth Amendment, survives preliminary screening.[1] ECF No. 33. Consequently, the court ordered the United States Marshal to personally serve Defendant Cervantez and required Defendant to file an answer or otherwise respond to the Complaint.[2] *Id.* Defendant filed his answer on April 29, 2017. ECF No. 49. As of today's date, all parties have not consented to

---

[1] The court concluded that Cruz's request for injunctive relief and claims for improper medical treatment, failure to protect from a substantial risk of harm, and any other type of relief sought against Defendant Lubbock County Detention Center (LCDC) failed to state a claim for relief and ordered them dismissed through a separate order. *See* ECF Nos. 31, 32. The court also ordered the Clerk of Court to change the caption of the case to reflect that Officer Domingo Cervantez is the sole remaining Defendant in this action. ECF No. 35.

[2] The court granted Cruz leave to file an Amended Complaint, in which he amended Section VI to add injunctive relief in the form of rehab for his crack cocaine addiction. *See* Order, at 1 (ECF No. 11). In all other respects, however, Cruz's claims against Defendant Cervantez are contained in the original Complaint (ECF No. 1).

1

jurisdiction by the magistrate judge. Having disposed of all remaining non-dispositive issues, and upon review of Defendant's Answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

I. **Cruz's Remaining Allegations**

Cruz alleges that he and his cellmate, Spencer Terry, fought in their cell at two separate times on June 13, 2015—the first fight occurring around 12:00 p.m. (First Fight), and the second at approximately 2:30 p.m. (Second Fight). Questionnaire, at 1–2 (ECF No. 23); *see* Compl., at 4 (ECF No. 1). During the First Fight, Cruz asserts that several other inmates gathered around the door of the cell to observe the altercation, but that Defendant Cervantez did not intervene. Questionnaire, at 2 ¶ 3(f). Cruz alleges that following the First Fight, he informed Defendant Cervantez that he and his cellmate had gotten into an altercation, and requested a new cell assignment. *Id.* Cruz claims Defendant Cervantez ignored his request and put Cruz and Terry back into the same cell. *See* Compl., at 4.

Cruz further alleges that during the Second Fight, Defendant Cervantez again did not intervene. *Id.* Cruz claims Defendant Cervantez reported the fight and sought assistance from other LCDC officers only after the fight had ended. Several officers escorted both inmates to the medical department, where Cruz received treatment for lacerations to his eyebrow, shoulder, neck, and back of his head. Questionnaire, at 2 ¶ 4.

II. **Discussion**

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence perpetrated against them by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Horton v. Cockrell*, 70 F.3d 397, 400–02 (5th Cir. 1995). To prevail on a failure to protect claim, a prisoner must show that "he was incarcerated under conditions posing a substantial risk of serious harm

2

and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). A prison official is deliberately indifferent to a prisoner's safety where the official is aware of a substantial risk of harm to the prisoner but disregards that risk by failing to take reasonable measures to abate it. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer*, 511 U.S. at 847). Assuming plaintiff pleads facts sufficient to establish a failure to protect claim, "[w]hether a prison official had the requisite knowledge of a substantial risk" becomes "a question of fact" that requires further factual development. *See Newton*, 133 F.3d at 308.

Here, Cruz claims that Defendant Cervantez failed to protect him from a substantial risk of harm by placing him in the same cell with Terry after, and despite being aware of, the First Fight. At this stage of the proceedings, Cruz's allegations, taken as true, sufficiently state a claim for failure to protect under the Eighth Amendment against Defendant Cervantez. Thus, Cruz's claim against Defendant Cervantez survives preliminary screening and should move forward.[3] *See Edmond v. Eaves*, 70 F. App'x 159, 160 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834, 837) (finding prisoner had adequately stated an Eighth Amendment failure to protect claim at the screening stage and remanding case for further proceedings, where prisoner alleged defendants were subjectively aware of a threat to his safety but failed to take action).

---

[3] Based on the information before it, the court concludes that Cruz's claim is not barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641, 643 (1997)) ("A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits."). The authenticated records from Lubbock County show, and Cruz agrees, that he was found guilty in a disciplinary proceeding for fighting as a result of the Second Fight and charged with ten days full restriction—i.e., no visits, phone calls, limited commissary, and/or "disciplinary separation"—however, nothing in the record indicates the discipline resulted in a change to Cruz's sentence. *See* Questionnaire, at 2 ¶ 3.

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Accordingly, it is the **RECOMMENDATION** of the magistrate judge that a scheduling order should be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:16-CV-004-C.

### III. <u>Right to Object</u>

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 19, 2017

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

4